IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SANDRA GAIL CARRIN,
as the Personal Representative of
the Estate of RAYMOND MARSHALL
CARRIN,

    *Plaintiff*,

v.                                              Case No.: 4:21cv486-MW/MAF

SHAUNA MARIE SMILEDGE,
et al.,

    *Defendants*.
_____/

## ORDER ACCEPTING AND ADOPTING
## REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Third Report and Recommendation, ECF No. 130, and has also reviewed *de novo* Plaintiff's objections, ECF No. 141.

The Magistrate Judge recommends granting Defendant Rolston's motion for summary judgment because there is no genuine dispute as to whether Defendant Rolston was responsible for any delay in treating Mr. Carrin's serious medical condition. Instead, the undisputed facts in the light most favorable to Plaintiff demonstrate that Defendant Rolston provided medical care to Mr. Carrin within the limits of his authorization every time he saw Mr. Carrin for treatment, and that he

made further recommendations for Dr. Jiminez and Dr. Li to cosign or review Mr. Carrin's medical records after those encounters.

Plaintiff objects to the report and recommendation, arguing three points that deserve mention here. First, Plaintiff argues that the record includes a medical note that alludes to a prior encounter between Mr. Carrin and Defendant Rolston that was not documented, and, according to Plaintiff, raises questions as to whether Defendant Rolston failed to document *other* clinical encounters to conceal his alleged deliberate indifference. *See* ECF No. 141 at 3 (citing ECF No. 113 at 35 and RMSJ-1 at 051). But Plaintiff's record cite for this assertion does not include any such reference to an undocumented clinical encounter a month prior to the January 9, 2019 encounter. *See* ECF No. 113-1 at 52 (RMSJ-1 at 051). And even if it did, Plaintiff's argument depends entirely on unfounded speculation and not a reasonable inference based on the facts construed in the light most favorable to Plaintiff.

Plaintiff's second argument is that the report and recommendation "ignores the Affidavit of Dale E. Folsom," which would permit the reasonable inference that Mr. Carrin's serious medical condition would have been obvious to Defendant Rolston and that he was deliberately indifferent to it. Not so. Upon review, the report and recommendation adequately addresses Mr. Folsom's affidavit and ultimately concludes that the record does not permit a reasonable inference that Defendant Rolston was responsible for the undisputed delay in treating Mr. Carrin's hepatitis

or that Defendant Rolston ignored Mr. Carrin's requests for treatment. Nobody disputes that Defendant Rolston was aware of Mr. Carrin's serious medical condition, and Mr. Folsom's affidavit fails to create any genuine dispute as to whether Defendant Rolston was deliberately indifferent to Mr. Carrin's medical needs.

Finally, Plaintiff argues that Defendant Rolston's alleged deliberate indifference is further "bolstered by the sworn testimony of Dorina Paynter," a nurse at the Federal Correctional Institution who responded to an apparent medical emergency involving Mr. Carrin in July 2019. *See* ECF No. 141 at 5. Nurse Paynter assessed Mr. Carrin and determined it was necessary to call 911 and have EMS get him to a hospital. *See* ECF No. 113-7 at 5–6. But the undisputed fact that Nurse Paynter determined that Mr. Carrin required emergency care in July 2019 does not create a dispute of fact as to whether Defendant Rolston was deliberately indifferent to Mr. Carrin's serious medical needs or that on other occasions failed to secure or provide necessary emergency medical treatment.

Instead, the record demonstrates, without genuine dispute, that Defendant Rolston properly assessed and treated Mr. Carrin within the limits of his medical authorization and followed up with recommendations for Mr. Carrin's treating physicians to review or cosign his medical records following encounters with Mr. Carrin. This would be a different case if there was record evidence demonstrating

3

that Defendant Rolston, like Nurse Paynter, discovered Mr. Carrin in need of emergency care but, unlike Nurse Paynter, decided to defer taking action until a doctor could see Mr. Carrin later. But no evidence in this record suggests that Defendant Rolston failed to respond to a medical emergency.

Accordingly,

**IT IS ORDERED:**

The report and recommendation, ECF No. 130, is **accepted and adopted,** over Plaintiff's objections, as this Court's opinion. Defendant Rolston's motion for summary judgment, ECF No. 111, is **GRANTED**. This Court does *not* direct entry of partial judgment pursuant to Rule 54(b).

**SO ORDERED on March 26, 2024.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**