IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SANDRA GAIL CARRIN,
as the Personal Representative of
the Estate of RAYMOND MARSHALL
CARRIN,

    *Plaintiff*,

v.                                  Case No.: 4:21cv486-MW/MAF

SHAUNA MARIE SMILEDGE,
et al.,

    *Defendants*.
_____/

## ORDER ACCEPTING AND ADOPTING
## REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's amended Second Report and Recommendation, ECF No. 152, and has also reviewed *de novo* Plaintiff's objections, ECF No. 153. The Magistrate Judge recommends that Defendant Smiledge's motion for summary judgment on qualified immunity grounds be denied because there exists a genuine dispute of material fact as to whether she acted with deliberate indifference.[1]

---

[1] As the Magistrate Judge notes, the amended Report and Recommendation incorporates the earlier Report and Recommendation. ECF No. 129. There, the Magistrate Judge recommends that the rest of Defendant Smiledge's motion for summary judgment be denied because there exists a genuine dispute of material fact on the merits Plaintiff's Eighth Amendment deliberate indifference claim.

A government official engaged in a discretionary function is entitled to qualified immunity unless a plaintiff can "show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). In her objections, Defendant does not dispute that, as the Magistrate Judge explained, the law is clearly established that a non-medical prison official's delay in obtaining proper treatment for an inmate could constitute deliberate indifference. *See* ECF No. 153. Instead, Defendant's objections focus solely on the first prong of Plaintiff's qualified immunity burden—whether Plaintiff has come forward with sufficient evidence on her Eighth Amendment deliberate indifference claim.

To prove a claim for deliberate indifference, a plaintiff must show: (1) a "serious medical need (the objective component)"; (2) a prison official's "deliberate indifference to that serious medical need (the subjective component); and (3) the official's wrongful conduct caused the injury." *Fischer v. Fed. Bureau of Prisons*, 349 F. App'x 372, 374 (11th Cir. 2009) (citing *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007)). Here, Defendant Smiledge argues that she could not have been deliberately indifferent to Plaintiff's medical needs because any delays in his medical care were caused by prison officials higher up in the chain of command.

ECF No. 153 at 1. Defendant Smiledge insists that she had no control "over when and what type of treatment Mr. Carrin received." *Id.* at 7.

That argument fails because a reasonable jury could find that Mr. Carrin's injuries were caused by Defendant Smiledge's failure to communicate concerns about his health to the FDC Tallahassee medical staff and her refusal to ensure they complied with relevant polices. As the Magistrate Judge aptly noted, Plaintiff submitted evidence showing that Ms. Smiledge was the *sole* avenue for Mr. Carrin to request medical care—asking doctors, nurses, P.A.s, or guards for treatment would not work. ECF No. 152 at 14. And Mr. Carrin frequently contacted Defendant Smiledge requesting care for his hepatitis C. *See id.* at 12–14. In her role as Health Services Administrator, Defendant Smiledge was responsible for, among other things, ensuring that medical staff at FDC Tallahassee complied with BOP policies and procedures. ECF No. 115-5 at 12–14.

When Mr. Carrin or others advocating on his behalf contacted Defendant Smiledge about his dire medical condition, Defendant Smiledge insisted that Mr. Carrin could not get the medical treatment he needed until he had been sentenced. ECF No. 152 at 17. Defendant Smiledge explained that pretrial detainees like Mr. Carrin could not receive lengthy or expensive treatments. *Id.* But Plaintiff has submitted evidence showing that other pretrial detainees at FDC Tallahassee received such treatments before. *See* ECF No. 152 at 31. This could permit a

reasonable jury to find that there actually was a policy to treat pretrial detainees, but Defendant Smiledge declined to ensure the medical staff at FDC Tallahassee followed it.

Once Mr. Carrin was sentenced, however, Defendant Smiledge's explanation shifted. Defendant Smiledge explained that Mr. Carrin could not receive the medical treatment at FDC Tallahassee—he needed to wait until he arrived at his permanent correctional facility. ECF No. 152 at 19. Defendant Smiledge stuck by this explanation even after being informed that Mr. Carrin would not be moved to a permanent camp anytime soon because he was a cooperating witness in an ongoing case in Tallahassee. *Id.* at 18–19. But again, Plaintiff submitted evidence that in the past, inmates like Mr. Carrin had received the necessary twelve-week hepatitis C treatment at FDC Tallahassee. *Id.* at 32. This could permit a reasonable jury to find that there actually was a policy to treat inmates that haven't been assigned to permanent camps, but Defendant Smiledge declined to ensure the medical staff at FDC Tallahassee followed it.

On top of all this, Plaintiff submitted evidence showing that Defendant Smiledge failed to act as a liaison for frequent requests for medical care submitted by Mr. Carrin's family, legal team, and other inmates because she was tired of their "griping." *Id.* at 43. In short, viewing the record in the light most favorable to Plaintiff and drawing all reasonable inferences in her favor, Defendant Smiledge (1)

knew that Mr. Carrin had a serious medical condition; (2) was supposed to serve as the liaison for Mr. Carrin's requests for medical care and ensure that FDC Tallahassee medical staff followed policy; and (3) failed to communicate repeated requests for Mr. Carrin's medical care in her role as Health Services Administrator and did not recommend that he receive necessary medical treatment per the policy at FDC Tallahassee. On these facts, a reasonable jury could conclude that Defendant Smiledge was both deliberately indifferent to Mr. Carrin's serious medical condition and that her indifference caused his injuries.[2]

At trial, the jury may well accept Defendant Smiledge's version of events—maybe she actually was powerless to recommend the necessary treatment for Mr. Carrin, and that his neglect was solely the fault of other officials at FDC Tallahassee. This Court is well-equipped to structure the verdict form *at trial* to address qualified immunity under this scenario. But at this stage of the proceedings, this Court cannot weigh the parties' competing versions of events. This Court must view the record in the light most favorable to Plaintiff and draw all reasonable inferences in her favor. Under this framework, a reasonable jury could find that Defendant Smiledge acted

---

[2] Defendant Smiledge also argues that the doctrine of superseding cause relieves her of liability here. ECF No. 153 at 16. But the existence of a superseding cause is an affirmative defense. *See e.g.*, *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 697 (S.D. Fla. 2020). Defendant Smiledge make no showing on this in their motion for summary judgment. Instead, they raise this issue in their objection. This Court cannot award Defendant summary judgment on an affirmative defense that she failed to include in her motion for summary judgment. To be sure, there are potential issues with attribution of fault among the several Defendants. But that issue can't be resolved on *this* motion.

5

with deliberate indifference in delaying Mr. Carrin's medical care and that she caused Plaintiff's injuries. Accordingly,

**IT IS ORDERED:**

1. The report and recommendation, ECF No. 152, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion.

2. Defendant Smiledge's motion for summary judgment, ECF No. 109, is **DENIED** because genuine issues of material fact preclude summary judgment in her favor.

3. The parties shall reach out to this Court's courtroom deputy **on or before Friday, June 14, 2024**, to set a mutually agreeable date for trial. If the parties fail to find a mutually agreeable date which fits on this Court's trial calendar, then this Court will unilaterally set the trial.

**SO ORDERED on May 31, 2024.**

s/Mark E. Walker<br>
**Chief United States District Judge**